**Opinion issued April 8, 2014**



In The

# Court of Appeals

For The

# First District of Texas

———————————

### NO. 01-13-00597-CR

———————————

**CHRISTOPHER TODD DUHON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 252nd District Court**
**Jefferson County, Texas**
**Trial Court Cause No. 12-14772**

---

**MEMORANDUM OPINION**

Appellant, Christopher Todd Duhon, pleaded guilty to the offense of aggravated assault. *See* TEX. PENAL CODE ANN. § 22.02(a) (West 2011). In accordance with appellant's plea-bargain agreement with the State, the trial court found sufficient evidence to find appellant guilty, but deferred making any finding

regarding appellant's guilt and placed appellant on community supervision for a period of 5 years and fined appellant $1,000. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12 § 5(a) (West Supp. 2012). The State then filed a motion to adjudicate appellant's guilt. *See id.* §§ 5(b), 21(e). Appellant pleaded true to three alleged violations of the terms of his community supervision. After a hearing, the trial court found these three allegations true, adjudicated appellant guilty, and sentenced appellant to 12 years in prison. *See id.* §§ 5(b), 21(b), 23. Appellant timely filed a notice of appeal.

Appellant's appointed counsel on appeal has filed a motion to withdraw, along with a brief stating that the record presents no reversible error and the appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967). Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying us with references to the record and legal authority. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel indicates that he has thoroughly reviewed the record and he is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

In his pro se response, appellant asserts that (1) the 12 year sentence violates the Eight Amendment of the United States Constitution, (2) the judge's conduct

2

denied him a fair hearing, and (3) he was prejudiced by ineffective assistance of counsel.

We have independently reviewed the entire record in this appeal, and we conclude that no reversible error exists in the record, there are no arguable grounds for review, and the appeal is frivolous. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (same); *Mitchell*, 193 S.W.3d at 155 (reviewing court determines whether arguable grounds exist by reviewing entire record). We note that an appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 & n.6.

We affirm the judgment of the trial court and grant counsel's motion to withdraw.[1] Attorney Gaylyn Leon Cooper must immediately send appellant the required notice and file a copy of the notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c).

---

[1] Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Ex Parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).

**PER CURIAM**

Panel consists of Justices Keyes, Bland, and Brown.

Do not publish. TEX. R. APP. P. 47.2(b).